Madam Clerk, will you please call the first case of the morning? 216-0351, Barbara Dukich v. Pennsylvania Community High School, District 1. Counsel, you may proceed. Good morning, Your Honors. Opposing counsel, my name is John Howers. I represent the plaintiff, Avalon, Barbara Dukich, in this matter. We're asking the court to reverse the commission's finding that the injured worker fell as a result of a personal risk. We believe that the question here before the court is a question of law. There's no question about the commission's finding that the employee specifically fell on lead pavement on the employer's premises. The court has three categories of risks. The risks distinctly associated with employment, risks that are personal, and risks that are neutral. Each one of these three categories have different definitions. The first is the employment category. Which do you think it is? Let's just get to that. Employment, without question. Walking on lead pavement is an employment risk? When it's on the employer's premises, yes. When she's performing... I can see that argument if it was inside the employer's building and it was because of spilled water that was being used to clean a floor. But when rain comes down from the sky and falls in a parking lot, that becomes an employment risk? When she's not knocked down due to rain droplets? Yes, because regardless of whether the pavement is wet by rain water or a glass of water dropped on the pavement or a janitor's mop bucket spilled over on the pavement, it's still hazardous. It's slippery. Sounds to me like it's a positional risk. No, it's not a positional risk. You don't think so? No, because it's hazardous. Listen, there's a little bit more of a subtlety here. And there is a line of cases, to be totally candid about it, that talk about slipping on the employer's premises because of a condition as an employment-related risk, ergo the employee recovers. But is it more subtle? I'm getting a little hung up on the words hazardous condition. I don't think you want to gloss over that, because as I'm reading this long line of cases, all of the cases that said the hazardous condition, quote, unquote, that made it an employment risk on the premises was a result of a natural accumulation of snow and or ice. Are we going to declare that rainfall is in and of itself a hazardous condition? Really? No. No, it's the wet pavement. The wet pavement. If it's slick enough to bring you down face first onto the pavement, that's hazardous. So any time the pavement is wet, it's an automatic hazardous condition? No. You just got them saying it's wet. No. I didn't say any time. I said when it's slick enough to cause someone to fall face first onto the pavement. Let's be reasonable about this. You know, you got to use some common sense when you apply the workers' compensation act. How would an employer protect itself from rainwater in its parking lot? How would you do that? The same way the employer protects itself from any industrial accident. Tell me, how would you, if you were an employer, how would you protect yourself from rain coming down in your parking lot? It makes no difference to a strict liability statute. Look, but a strict liability statute isn't a sword upon which we all have to fall. There has to be some reason behind it. Now, do we allow people to recover when they trip on curbs in parking lots? No, we don't, do we? No. And why don't we? Because that's personal to the employer. If they don't lift their foot up high enough, there's nothing... Wait a minute, it's a strict liability statute. It's not negligence on the part of the employee. But you first have to show either there's a defect or hazard. Well, a curb is a hazard, but everybody encounters it when they traverse curbs every day. What's hazardous about a curb? You can trip on them. What's hazardous about wet pavement? You can slip on it. So what's the difference? So what's hazardous about icy pavement? Well, when it's a natural accumulation or an unnatural accumulation? You can control that. You can shovel ice or snow. You can remove it. But what's hazardous about wet pavement? Can you? No. All right, let me let you in on a little secret here. Believe it or not, we actually do research into these issues, okay? So let me ask you a very pointed question. Can you cite to us a single published case that holds or suggests that an outdoor asphalt surface, wet from rainfall, constitutes a hazardous condition, absent ice, snow, or some other defect or hazard? If you do the case law, go that far right now. I was unable to find any, as I pointed out in my reply brief. Yeah, we weren't able to find any. I'm also unable to find any that says that it's not a hazard as well. Okay. Counselor? Huh? What evidence is there that the claimant slipped? The commission's specific finding at the bottom of page one is the decision that she slipped on wet pavement. I'm not asking about how the commission described the fall. What evidence was there? Was there a video? Did I miss something in their video? Yeah, there was a security video actually showing her slipping and falling, plus her testimony saying that she slipped on water. Well, did you gather how the commission described its viewing of the video? It stated that petitioner is seen stumbling, tripping, and falling face first onto the pavement. Now, is that a description of slipping? Not that description, but when you look at the bottom of page one under the findings of fact, the very first finding of fact that the commission makes is she slipped and fell on wet pavement. So I go back to my first question, which is what evidence is there establishing that she slipped? Well, there's her testimony. Let's try this. Did she say she slipped? Yes. She said that she slipped, and when asked what did she slip on, she said water. Okay. Did she use the words slip? Off the top of my head, Your Honor, I can't be for certain that she said that magic term no. Or was she asked what caused her fall, and she said the rain, the water. Correct. Does that establish that she slipped? I think an inference can be drawn, which is what the commission drew, that she slipped on wet pavement. Okay. Let's go back to the video. If the video constitutes the evidence upon which you base your claim that she slipped, wouldn't the words used by the commission that she stumbled, tripped, fell, then negate your argument in regards to this hazardous condition, because it would point more towards an idiopathic fall? No, because what did she stumble on? Isn't that her burden to establish what she stumbled on? And she did. When you look at the very first page of the commission's decision, the commission states specifically she slipped on wet pavement. It's on A10 of my appendix. She slipped on wet pavement. So that was their conclusion. No, counsel, that's not what it says. It says petitioner described the accident as occurring when she slipped on wet pavement. They didn't make that finding.  Correct. But the commission also goes into analysis of whether, you know, had this happened indoors versus outdoors, maybe it might be compensable. Therefore, I think the reasonable inference can be drawn is they are finding that she slipped on the wet pavement, and they're finding that had she slipped on wet substance indoors, maybe they would find it compensable versus slipping on wet substance outdoors. Is there anything or a suggestion that there was a description of what shoes she was wearing the time she fell? There was on cross-examination, but the commission does not go into its analysis addressing the shoes. So you're saying you're reasoning backwards that they didn't find it idiopathic? Well, had the commission found that she slipped and fell as a result of her footwear, I think they would have made at least some findings in their analysis about that or mentioned something about that if that was the direction in which they were going. Even your dissenting commissioner did not find that she had an employment risk. He found she had a neutral risk but was exposed to it to a greater degree than members of the general public. No one has found, other than the arbitrator, that this was an employment risk. Correct. And the commission has been wrong, and this Court has found the commission wrong in its analysis many times. Yeah, we do. We do when they are wrong. When they're not wrong, we affirm them. What about the Caterpillar tractor case? Was that by the Supreme Court? The curb case. Curb. Walking to and from, the Court found that everybody, there was nothing about the curb that distinguishes from any other curb, but the claimant was no more likely to twist his ankle at the workplace than he would have been engaging in any other business. People are walking around on wet pavement. In Caterpillar, and what kind of helps in understanding Caterpillar is looking at this Court's decision as well, because in that case, the employee was stepping down from a curb, and this Court said, well, the commission could have inferred that the employee's foot got caught in the lip between the concrete and the pavement and causing the twist and fall. The Supreme Court used the same analysis as what this Court used in First Cash Financial, saying for a reasonable fact to be inferred, its existence must be more likely than its nonexistence. In other words, its nonexistence cannot be as equal. Therefore, it could equally have been possible that the employee's foot did not get caught on the pavement because the employee described the incident as an unexplained fall, essentially. So basically, we should announce a rule that says any time an employee walking into a business when it's raining, it falls. It's automatically, in and of itself, a workplace risk. If the employee falls as a result of the premises being slippery, yes. Well, of course. So that would be the rule. If the premises are slippery enough to cause the employee to fall. Even though the employer could do absolutely nothing to control the rain. Once again, this goes back to a strict liability statute. It makes no difference whether the employer can take remedial measures to limit its liability. Well, it's not a question of whether the employer can take remedial measures to remedy a hazardous condition. When it's an act of God and there is absolutely no way for an employer to extricate himself, then I think you're going to find cases that would suggest that even a strict liability statute has to give way. Well, first of all, I don't think the sidewalk was an act of God. I think that's mandatory. No, I don't think the rain is. The rain in and of itself did not cause her to fall. Don't tell me we're going into static coefficient of friction on the sidewalk, are we? No, but we're going into the sidewalk being a factor in causing her to fall. So is the world. No. Certainly the sidewalk is on the earth. So now the earth is a hazardous condition? Okay. This gets nutty. Other than what else caused her to fall? Just wet. Rainwater. Rainwater on an asphalt surface. Slippery. But that's everywhere. But that's hazardous. That's a hazard. There is no way an employer could possibly extricate himself from that. It's an act of God. And why in heaven's name would you suggest that that falls under a strict liability statute? Because the Workers' Compensation Act is a strict liability statute. What if they get hit by a bolt of lightning in the parking lot? You'd say that's compensable too. No, I would not. No, I would not because the risk came to the employment and it had nothing to do with the employer's premises, did it? Certainly. You were standing on it. No, what does that have to do with the employer's premises? Counsel, if you had a reasonable argument that this may have been a neutral risk but they were exposed to it to a greater degree, I'd be willing to give it some consideration. But this argument just makes no sense to me. You've got four other guys you might want to talk to. Okay. And they're sitting here. Okay. Well, obviously I firmly disagree with Justice Hoffman's analysis here. I think if the condition of the premises are slippery enough to bring someone down, that is a hazard. Now, how much of a hazard? The law doesn't require a measurement. All the law requires is it to be a hazard, a factor. And you're saying that this is just a north – well, you're going to argue it's sort of just a logical basic extension of the already existing authority. Whether it's snow, ice, or rain, it should be treated the same. Is that your position? Well, snow, ice, and rain all have a similar quality. They're all slippery. Therefore, if they're slippery, it's a hazard. And if it's a hazard, then it must be covered under workers' compensation. If the employer's premises, if the condition of the premises are hazardous and it results in an injury to the employee, then that must be considered percolate. I think we understand the argument. Thank you, counsel. We have time in reply. Counsel may respond. Good morning. Good morning, counsel. My name is Matthew Sherriff. I represent Flint Community High School in this case. I think the first issue is what is the standard of review? I don't see any reason why this wouldn't be a manifest weight case. As counsel even said, he even said the words, I believe, multiple inferences can be drawn or an inference can be drawn from the petitioner's statement, the employee's statement, about why she fell as to maybe the sidewalk was slippery. I don't think you need to spend a lot of time trying to convince us it's manifest weight. Okay, thank you. I have the sinking feeling you don't agree with everything he says. I do not. You've got a legal question. Yes. And the legal question is, is rain that naturally falls on a parking lot a hazardous condition such that it becomes an employment risk? That's a legal question. That's not a manifest weight question. Right. I don't believe the court is, as you indicated, Judge, there is not one case since 1912 that talks about that and that makes that finding. Of course, let me take the other side of the coin. Do you have any cases that say this? I do not, but I think it's distinguishable from the cases that do say that. And that is why. And that's the really critical question. Why is it distinguishable? Snow and ice. Something can be done by the employer to cure snow and ice that is an unnatural accumulation on the surface. There's nothing an employer can do to deal with pavement that is damp. This isn't a situation where there's any testimony that there was a large puddle where the petitioner may have fallen or that there was some sort of a stream activity going out of the water rushing over the sidewalk. There's no testimony to that whatsoever. As a matter of fact, there's testimony contrary to that by the groundskeeper, co-worker, and the police officer that all said, yeah, it was raining to some various degree. They all had different opinions of how much it had been raining, whether it was misting that day or raining, whatever. Counsel, before you get into the argument and answering Justice Hoffman's question, what is the evidence? What evidence is there in the record as to how she fell? We know there's a video that depicts her falling. What other evidence is there? It was an unwitnessed fall, right? Correct. So we have then claimant's description of how she fell at our detection, right? Correct. Do we have any other description of how she fell in the record? No, the video. Okay. No, you do. You have it in the emergency room record. The notes in the emergency room record specifically state she said she slipped on a wet surface. I'm sorry. I wasn't trying to say anything, Judge. I was just answering. But the answer is there is other stuff in the record. There's a nurse's note in there that also says she said she slipped on a wet surface. Right. I believe the commission observed the video footage, and as Justice said in the decision, and it's obvious from looking at the footage, that she stumbles forward. She doesn't slip or lose her balance or fall backwards on a slippery surface. She actually stumbles, tumbles forward, lands face first. I think that's certainly an appropriate inference that the commission drew as to why she fell or how she fell as they described it. Well, what did they draw? What is there in their decision? Well, what do they actually say in their decision? They say that from the footage that they observed that she stumbled, lost her balance, and fell forward. Excuse me. You know, in the Chicago Tribune case that counsel cited in his repository, the court, this court, found that the circumstances in that case were controlled by Sears. And in Sears, the court held that in the case of unexplained falls, it's within the province of the commission to draw inferences from the facts. In the Chicago Tribune company, the inference that the commission drew was that she slipped on the floor due to it being a slippery surface. And this is from that opinion. It says, quote, she knew only that she slipped and fell backwards. If the fall were idiopathic, it would be more likely that the claimant would have stumbled forward and fallen, close quote. Doesn't that more, that latter statement describe what the commission viewed in that surveillance video? It describes how they described how she fell, but the commission did not make the finding that it was an idiopathic fall. They said it was a neutral risk. Excuse me. I apologize. Well, no matter how they characterized it from a legal standpoint. Right. Is there anything in the decision that tells us how they viewed the fall? Slip and fall or a trip, stumble and fall? It seemed that they viewed it as a stumble. I don't see, there was no defect noted with the sidewalk by anyone. There was no testimony whatsoever that there was any defect, unless you consider rain falling that dampens the sidewalk a defect. And as Justice Hoffman said, what is the employer supposed to do about that? How are you going to guard against that? Well, I think that's basically what Justice Harris is trying to get at, or at least I think what you need to address here is we have a commission here that goes and does this category, and now it leads us down the pathway of whether it's a compensable fall or not. Okay. Uniquely associated, neutral, or idiopathic. Right. And you're suggesting that the evidence, other than the claimant's testimony or recorded statements at the hospital or getting medical care, is that there's a stumble. That's how the commission described it, but they also described it, I think, correctly as a neutral risk. It's a neutral risk case where a defect has to be shown. Let's assume that they didn't. What would be your argument? If they did what? I'm sorry, Judge. Assume they didn't go neutral. Oh, didn't. I mean, they can be wrong in their analytic framework. Correct. I believe that they are correct in this case, that it is a neutral risk. It's a public- Well, let's assume they didn't. What would you be arguing? I'd be arguing that it is a neutral risk, that they were incorrect. But that's not defining them. Well, so you think you'd be liable if it were idiopathic, she stumbled. That would be a different argument. I guess it would be more of a possibility that they would be liable, but not in this case. Who would be liable? If she could have shown that- Well, first of all, there's no hazardous condition unless you want to argue coefficient of frictions and water. Correct. Okay? Which no one did in the case. Okay. But you have a video of a stumble and a fall forward. Correct. And so how would you characterize that? As neutral at that point? I think the risk was neutral. I'm just asking you, how do you describe that stumble, that fall forward? Is that neutral or is that idiopathic? Yeah, she probably tripped over her own feet. I don't know. No one witnessed it. Okay. I don't know. Counsel, let me ask you this. Yeah. There are a line of cases that you've acknowledged, we've all acknowledged, that talk about the presence of a hazardous condition on the employer premises, such as ice or snow, would be a compensable injury. Correct? If it was a natural accumulation, correct. So what is the rule we should announce in this case? We know what it says about ice and snow. So what is our rule here? Decision in this case and guidance in all future cases, what is the legal rule that we announce? I just don't think that this reaches the level of something that an employer could deal with to try to cure an unnatural condition. You know what it turns out? We announce that the employer can't do anything about it, so therefore, do you claim it loses? How do you answer the present counsel's strict liability response to that? It's more of an act of God. There's nothing that they could do. Then every employer would be responsible for everything, as just indicated, but it's hit by lightning. Well, the opposing counsel suggests that lightning comes to the employer's premises. It doesn't rain. That would be your answer, wouldn't it? Right. But is there somehow a significant difference between the two? Not that I'm aware of. They're both acts of God. They're not caused by the employer. They're not caused by the employment of the employee. They're open to the public. Everyone's exposed to this. Everyone in this area, we can assume, had rain on their premises, on their sidewalks near this area. There's nothing the employer could do about that. Well, I mean, can we forecast with any accuracy at all strikes of lightning? That's very difficult. It's my understanding. I'm not a weatherman. But you can look outside and see that it's raining. Correct. Okay. So there's some quality difference between the two, quote, acts of God, aren't there? I don't know if there's a quality of how the employer is supposed to deal with that. Do we have to decide that rain on a pavement is a hazardous condition? Do we have to decide that issue in this case? No. I don't believe you do. I don't believe there was testimony sufficient to even explain that the rain was the reason that she fell. They don't care about it. Okay. Thank you. Thank you, counsel. I don't think there are any further questions. Counsel, you may reply. Well, if this court goes so far as to say that any time an employer cannot prevent an accident, get ready for every single case coming in before this court to have that defense. Repetitive trauma, how can we make our products, unless our workers are repetitively using their hands or various body parts? Make it ergonomic. Well, if it can't be made ergonomic, it can still make the product at the same price. Well, we're not suggesting that they get out of it because it's expensive. We're suggesting that they're getting out of it because there's nothing they can do about it. Build an awning, correct? Spare no expense. Put an awning up and close the sidewalk. Put a closed parking garage next to the school, correct? They could prevent it. They chose not to because it was probably economically not feasible. And if this court goes in that direction to say, well, it can't be prevented, every single defense coming before this court is going to have that argument. Counsel, I don't think they're going to be silly enough to make that argument. I think they will. I firmly disagree. Well, it's been since 1912. None of them have made it. Because this court has never gone that far before, too. Do you think we will? I hope not. I really hope not. I don't think we will either. And as far as rain versus lightning, I never said that if someone steps outside and is struck by lightning, that that's an employment-related risk. I never said that. Well, how is it different than a wet pavement from rain? That's what my question is. No, it's the pavement. That's the difference. If the pavement's a factor, the condition of the pavement's a factor, that's the difference. Then if you had made a case that because of the manner in which this pavement was constructed, when rainwater hit it, it didn't have a sufficient static coefficient friction to render it a hazard, you would have one strong argument and you might have me on your side. There was no such argument. There's no argument that this asphalt or whatever that pavement was made out of was rendered hazardous by reason of rainwater. Just look at a wet pavement. We all do it. Are all the streets in the city of Chicago hazardous? Potentially. Well, then everybody walking to work down LaSalle Street, if they slip and fall, should recover. How can they recover? Walking to work. Since when does coming to work covered under workers' compensation unless you're a traveling employee? Since when is leaving from work in a parking lot rendered viable? While still on the premises, is an employee allowed a reasonable time to come and go from the appointment? Then why can't tripping and falling on LaSalle Street be compensable? It's reasonable coming and going. Because you're not at the appointment. Counsel, you and I are engaging in a nonsensical conversation. I know. Good. I agree with you. Thank you, Your Honor. Thank you, counsel, both, for your arguments in this matter this morning. If this matter will be taken under advisement, the written disposition shall issue.